## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DARREN ANDREW DOLCETTI,
    *Plaintiff,*

  v.

ANDREW W. SAUL,
*Commissioner of Social Security U.S.A.,*
    *Defendant.*

No. 3:17-cv-1820 (VAB)

## RULING AND ORDER ON PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES AND COSTS

On September 10, 2019, Darren Andrew Dolcetti ("Plaintiff") filed a motion for award of attorney's fees, permitted under the Equal Access to Justice Act ("EAJA"). *See* Mot., ECF No. 23 (Sept. 10, 2019) ("First Mot."). Attorney Katz submitted an affidavit in support of the award, indicating he sought payment for 40.60 hours of work, at $200.00 per hour, between October 2017 and October 2018. Ex. 3—Katz Aff., ECF No. 23-3 ¶¶ 6–10 (Sept. 10, 2019).

On October 1, 2019, the Government (or "Commissioner") filed a memorandum in opposition to the award of attorneys' fees under the EAJA, arguing that award of attorneys' fees was unwarranted because the Government's position was substantially justified and the fee request was unreasonable. *See* Gov't Mem. in Opp'n, ECF No. 24 at 2–9 (Oct. 1, 2019) ("First Opp'n Mem.").

On April 4, 2020, Mr. Dolcetti's counsel filed a motion for attorneys' fees under 42 U.S.C. § 406(b)(1). *See* Mot., ECF No. 25 (Apr. 5, 2020) ("Second Mot."). Attorney Katz submitted an affidavit in support of the award, indicating he sought payment for $23,859.75, representing 25% of the total past-due benefit or an hourly rate of $587.67 per hour. *Id.* ¶¶ 4, 10–

12. The fee request here "amounts to 25.00% of the retroactive benefit paid to the plaintiff, precisely the fee the plaintiff and [Attorney Katz] had agreed to." *Id.* ¶ 11.

On April 21, 2020, the Government filed a response to the second motion for attorneys' fees, noting that the Court must determine if the *de facto* hourly rate of $587.68 is reasonable and noting "the lesser of the two awards [EAJA and 406(b)(1)] must be credited back to Plaintiff." Gov't Response, ECF No. 26 2–3 (Apr. 21, 2020) ("Second Opp'n Mem.").

For the following reasons, the Court **GRANTS in part, and DENIES in part** Plaintiff's motions. The Court awards Attorney Katz **$23,095.82** under Section 406(b).

# I.    STANDARD OF REVIEW[1]

## A. EAJA

Section 2412(d) of the EAJA requires

> (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (quoting *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990)). Award is permissible to "a prevailing party in a Social Security benefits case . . . if the Government's position in the litigation was not 'substantially justified.'" *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (quoting 28 U.S.C. § 2412(d)(1)(A)). A position that is "substantially justified" is one "justified to a degree that could satisfy a

---

[1] "The principal difference between the [Social Security Administration] fee provision and the EAJA is that EAJA fees are paid by the government to the litigant to defray the cost of legal services whereas the [Social Security Administration] fees are paid by the litigant to the attorney from the past-due benefits awarded." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (alteration in the original) (citation omitted)).

reasonable person[,]" and "the Commissioner must demonstrate that his position had 'a reasonable basis both in law and fact.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81–82 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 563, 565 (1988)). The burden rests on the fee applicant to establish "entitlement to an award and document[] the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Finally, the Act defines "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." *Id.* § 2412(d)(2)(G).

**B. 42 U.S.C. § 406(b)(1)**

"The Social Security Act provides for successful representatives to be compensated for their services through deductions from payments that their clients are entitled to receive." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 67 (2d Cir. 2016). 42 U.S.C. § 406(b) in relevant part provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as a part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Contingent-fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807. "[A] court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney

and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). "The attorney 'must show that the fee sought is reasonable for the services rendered.'" *Begej v. Berryhill*, No. 3:14-cv-1284 (WIG), 2019 WL 2183105, at *1 (D. Conn. May 21, 2019) (quoting *Gisbrecht*, 535 U.S. at 807)). Finally, "Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits." *Torres v. Colvin*, No. 11 CIV. 5309 JGK, 2014 WL 909765, at *2 (S.D.N.Y. Mar. 6, 2014) (citing *Gisbrecht*, 535 U.S. at 792–93)).

## II.   DISCUSSION

### A.  First Motion—Award Under the EAJA

The Commissioner bears the burden of "demonstrat[ing] that his position had a 'reasonable basis both in law and fact.'" *Ericksson*, 557 F.3d at 82 (quoting *Pierce*, 487 U.S. at 563). A position that is substantially justified may be incorrect but still substantially justified "if a reasonable person would think it correct." *Pierce*, 487 U.S. at 566 n.2. "Through this qualification, the EAJA 'protects the government when its case, though not prevailing, has a reasonable basis in law and fact.'" *Lugo v. Astrue*, No. 11-CV-6028 CJS, 2012 WL 4026848, at *3 (W.D.N.Y. Sept. 12, 2012) (quoting *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988)). The "position of the United States" includes both "the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based . . . ." 28 U.S.C. § 2412(d)(2)(D). "That a case is remanded 'does not, in and of itself, suffice to establish that the Commissioner's position and the ALJ's decision lacked substantial justification." *Beaulieu v. Colvin*, No. 3:15-cv-449 (WIG), 2015 WL 9165877, *1 (D. Conn. Dec. 16, 2015) (citation omitted).

Plaintiff argues that "there is no substantial justification for the Commissioner's decision in this case[,]" making an award of EAJA fees appropriate. Pl.'s Mem., ECF No. 23-1 at 2 (Sept. 10, 2019).

The Commissioner argues that Plaintiff's motion should be denied "because the Commissioner's position was substantially justified" and the sought fees are "excessive under the well-established guidelines for a reasonable expenditure on a Social Security case." First Opp'n Mem. at 1. In the Commissioner's view, even though he did not prevail, "there was a reasonable basis in law and fact for the position that, under the substantial evidence standard, there was sufficient evidence to conclude" Mr. Dolcetti had improved and could have performed a significant number of jobs. *Id.* at 3–4.[2]

The Commissioner goes on to argue that, should the Court decide to award fees, "the requested amount of fees should be reduced." *Id.* at 8. In the Government's view, the amount of time spent on the case is "near the upper boundary of the typical 20-to-40 hour reasonable expenditure" and includes hours that should be reduced, including 2.2 hours for case initiation and 38.4 hours spent on a single brief. *Id.* at 8. The Government takes issue with the time sheets submitted, characterizing them as "a summary for purposes of the EAJA motion" and finds the hours spent on a single brief (28.4 hours) to be excessive. *Id.* at 9. The Commissioner recommends "that the requested amount of fees should be reduced to an award of . . . 30 hours" and "the request rate of $200 per hour, that comes to $6,000 for a single brief." *Id.* at 11.

The Court agrees.

---

[2] Specifically, "[t]here was a reasonable basis in fact for the position that a reasonable factfinder could have found the evidence of medical improvement in this case sufficient to conclude that, as of January 2, 2016, Plaintiff was capable of some substantial gainful activity." First Opp'n Mem. at 6.

The determination of whether to award attorneys' fees here depends on whether the
Commissioner's position was substantially justified. The Court reversed and remanded on the
medical improvement question finding that the ALJ misapplied the relevant legal standard for
medical improvement. *See* Order, ECF No. 21 at 15–16 (June 7, 2019) ("Here, however, the
ALJ's conclusion is based on the expectation of improvement during testing and not actual
medical evidence that Mr. Dolcetti's impairments improved. In the administrative opinion, the
ALJ cites evidence that Mr. Dolcetti's examiners expected him to improve and various treatment
notes that note improvement in his walking, movement, and decreased frequency of debilitating
headaches."). Although the Commissioner argued that as of January 2, 2016, Mr. Dolcetti "was
capable of some substantial gainful activity[,]" his position had a reasonable basis in fact. First
Opp'n Mem. at 6. Evidence in the record supported the eventual improvement of Mr. Dolcetti's
medical condition, and "[t]he ALJ weighed the evidence more favorably to Plaintiff and found
that he could only return to some work as of January 2016." *Id.*[3]

The Court recognized the evidence of medical improvement but concluded "that evidence
that improvement was expected was not direct evidence of actual improvement[;]" so evidence
of capacity for substantial gainful activity prior to January 2, 2016, "did not support the ALJ's
finding." *Id.* at 7. While the correct legal standard may have been applied, the Court found that
the ALJ did not sufficiently develop the record to make "the necessary comparison between the
current medical severity . . . and the medical severity at the time of the 'most recent favorable
medical decision[.]'" Order at 15. The Court reversed and remanded, but the Commissioner's

---

[3] The Commissioner refers to an assessment from a doctor indicating Mr. Dolcetti would likely return "to his usual
level of cognitive and intellectual performance," First Opp'n Mem. at 7, Tr. 572–73; an assessment by a state
agency psychological consultant which indicated that Mr. Dolcetti would be able to pursue some substantial gainful
activity (April 2014) and that Mr. Dolcetti "did not have a severe mental impairment[,]" First Opp'n Mem. at 7, Tr.
232–33; and that as of 2015, Mr. Dolcetti "had already resumed some of his work-tasks in his previous job as a
producer and an accountant[,]" First Opp'n Mem. at 7, Tr. 578.

position "was [] reasonable [given] that this evidence weighed against Plaintiff's claim[.]" First

Opp'n Mem. at 7. *See also Weeks v. Colvin*, No.3:13-cv-0232 (JCH), 2015 WL 1395907, at *3

(D. Conn. Mar. 25, 2015) ("While there are various factors that may be considered in

determining whether the position of the United States was substantially justified, if the case turns

on a question of law, the government can show that its position was substantially justified even if

its legal argument is ultimately rejected, if it can show that the question was close or unsettled."

(internal quotation marks and citations omitted)).

The Commissioner makes specific, detailed arguments "about the actual reasonableness

of [his position] to deny benefits" in the litigation. *Beaulieu*, 2015 WL 9165877 at *2; *see also*

*Padula v. Colvin*, 602 F. App'x 25, 27 (2d Cir. 2015) ("Substantially justified does not meant

"'justified to a high degree,' but rather 'justified in substance or in the main.'" (quoting *Pierce*,

487 U.S. at 565)). It was not unreasonable, based on the medical evidence in the record, to argue

that medical improvement was likely or indicated a return to Mr. Dolcetti's original cognitive

and functional abilities.

Accordingly, the Court will deny the award of attorneys' fees as the Commissioner's

position was substantially justified and will not consider whether the fee request is unreasonable.

**B.  Second Motion—Award Under 42 U.S.C. § 406(b)(1)**

In making a determination of the reasonableness of a fee request brought under Section

406(b), a court considers the following factors: "(1) whether the requested fee is out of line with

the character of the representation and the results the representation achieved; (2) whether the

attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of

benefits and thereby increase his own fee; and (2) whether the benefits awarded are large in

comparison to the amount of the time counsel spent on the case." *Sama v. Colvin*, No. 3:10-cv-

01268 (VLB) (TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (internal quotation marks and citation omitted). A contingency fee arrangement encourages counsel "to take on cases that are less than sure winners" and so a "reduction in the agreed upon contingency amount should not be taken lightly." *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 235 (S.D.N.Y. 2007) (citations omitted). Finally, "[t]his Court has broad discretion in determining whether the amount of time expended by a plaintiff's counsel was reasonable." *Barbour*, 993 F. Supp. 2d at 290.

Mr. Dolcetti "requests that $23,859.75 be awarded to counsel, representing 25% of the total past-due benefit[,]" which is within the terms of the agreement between Mr. Dolcetti and Attorney Katz. Second Mot. ¶¶ 4–5 (the agreement capped fees at 25% of past due benefits). He argues that the fee request is reasonable, *id.* ¶ 6, and that, "[g]iven the contingent nature of the representation, the express contract between [Mr. Dolcetti] and [Attorney Katz], and the absence of any reasons why the award from the overall past-due benefits as outlined . . . would be unjust," award is proper, *id.* ¶ 10. Attorney Katz notes his "obligation to 'refund' to the plaintiff the lower of the EAJA fee" and the Section 406(b) fee. *Id.* ¶ 11.

The Commissioner responds that Mr. Dolcetti's request of "the full 25 percent or $23,859.75 from the sum total" of the past-due benefits, compared with the "40.60 hours of time representing [Mr. Dolcetti] before this Court," results in a *de facto* hourly rate of $587.68. Second Opp'n Mem. at 2. He notes that "courts within the Second Circuit have approved and disapproved comparable hourly rates[,]"that "there is no evidence of fraud or overreaching[,]" and that the lesser of this award and the EAJA award must be returned to Mr. Dolcetti. *Id.* at 2–3.

The Court agrees, in part.

Here, Attorney Katz "achieved a fully favorable result for [Mr. Dolcetti] by securing a remand to the administrative level and thereafter obtaining a significant award of past-due

benefits." *Vogth-Eriksen v. Berryhill*, No. 3:16-cv-01114 (SALM), 2018 WL 6322611, at \*2 (D. Conn. Dec. 4, 2018). There is no evidence or indication of undue delay in these proceedings or undue delay caused by Plaintiff's counsel.

The Court, however, "considers whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" *Id.* Here, Attorney Katz billed 40.60 hours on Mr. Dolcetti's Social Security case. *See Jones v. Colvin*, No. 3:16-cv-1685 (VAB), 2018 WL 4845744, at \*1 n.1 (D. Conn. Oct. 4, 2018) ("Courts in the Second Circuit have generally held that 'a routine social security case requires from twenty to forty hours of attorney time.'" (quoting *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008)).

A court considers several factors to determine if "the amount of time expended by a plaintiff's counsel was reasonable," including whether "the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.'" *Claudio v. Berryhill*, No. 3:17-cv-1228 (MPS), 2019 WL 3002907, at \*1 (D. Conn. July 10, 2019) (quoting *Barbour v. Colvin*, 993 F. Supp. 2d 284 291 (E.D.N.Y. 2014)).

The transcript in this case was 663 pages, Transcript, ECF No. 16 (Aug. 20, 2018) ("Tr."), and the appeal of the Commissioner's determination contested three actions or conclusions by the ALJ: (1) the finding of medical improvement was unsupported, (2) the ALJ failed to follow the treating physician rule; and (3) the ALJ's Step Five findings were unsupported. *See* Supp. Mem. to Reverse Decision of the Commissioner, ECF No. 19-1 (Oct. 16, 2018). 8.20 hours to review a 663-page record and 30.2 hours to draft a corresponding motion and memorandum of law is not unreasonable. *See Vogth-Eriksen*, 2018 WL 6322611 at \*3 ("The Court finds that 28.4 hours for the review of over 1500 pages of records and the production of 39

pages of persuasive, 'well reasoned' briefing and a condensed statement of facts is well within reasonable limits." (alteration in the original) (citation omitted)). Mr. Katz received a favorable outcome for Mr. Dolcetti, and his filings "involved both real issues of material fact and required legal research[.]" *Begej*, 2019 WL 2183105 at *2 (quoting *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018)). Furthermore, courts in this Circuit have routinely granted higher *de facto* rates. *See Valle v. Colvin*, No. 12-cv-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (a *de facto* rate of $1,079.72 an hour "though certainly high, . . . is the product of competent and efficient advocacy, which should not be held against counsel in their request for fees"); *Schiebel v. Colvin*, No. 614-CV-00739 (LEK) (TWD), 2016 WL 7338410, at *3 (N.D.N.Y. Dec. 19, 2016 (granting a *de facto* hourly rate of $975.68, in part because most of the work spent "at the district-court level involved preparing a thorough and persuasive brief . . . [that] arguably contributed to the Commissioner's decision to stipulate to a remand"); *Kazanjian v. Astrue*, No. 09 Civ. 3678 BMC, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (noting that "hourly rates are frequently misleading" and that "[p]laintiff's attorney should not, however, be penalized for being efficient," making $2,100.00 per hour appropriate given the work done by plaintiff's attorney).

    The Court, however, will exclude 1.30 hours for the "initial meeting with Mr. Dolcetti." Second Mot. at 4 n.1. *See Kazanjian*, 2011 WL 2847439, at *2 ("[T]he compensation [counsel] received under § 406(b) must be based on work . . . done in the district court"). With a total number of hours of 39.3 at an hourly rate of $587.68, the total amounts to $23,095.82. *See Beiro v. Astrue*, No. 08-CV-0304 (ADS), 2009 WL 9057735, at *5 (E.D.N.Y. Nov. 23, 2009) ("To determine the amount of an award of attorneys' fees, the Court multiples a reasonable billing rate

by the number of hours reasonably spent on the litigation." (citing *DiGennaro v. Bowen*, 666 F.

Supp. 426, 433 (E.D.N.Y. 1987))).

## III.    CONCLUSION

Plaintiff's motions for attorney's fees are **GRANTED in part, DENIED in part**.

Plaintiff's first motion, for award under the EAJA, is **DENIED**; Plaintiff's second motion, for

award under Section 406(b), is **GRANTED, in part**. The Court awards Attorney Katz

**$23,095.82** under Section 406(b).

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of May, 2020.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE